## JAMES RAY v. LINDSEY McCARY.

Where three successive verdicts are found in the circuit court against R., and two new trials are granted to him (R.) in that court, it has no authority to entertain a motion for a third new trial to the same party. Hutch Code, 876.

Where the court shall err as to the law on the trial of a cause, exceptions should be taken at the time, and made a part of the record.

In error from the circuit court of Clarke county; Hon. A. B. Dawson, judge.

The opinion contains substantially all the facts of the case, and the charges refused by the court will be found in the brief of appellee's counsel.

Ray *v.* McCary.

*D. C. Glenn* for appellant.

1. There is positively no evidence to uphold the verdict of the jury. Where such is the case, where the verdict is wholly without evidence, this court will set it aside and grant a new trial. The note was given by McCary. Ray applied to know if he might safely trade for it. He said yes. This is proved as clear as proof could make it. Benson alone throws a doubt upon it, and his proof is swept away, utterly destroyed by Mr. Wood, one of the counsel in the case. *Crockett* v. *Young*, 1 S. & M. 241.

2. The note was given for land. McCary is in possession under a warranty deed and undisturbed. He cannot set up a failure in the title as a defence to the note. In fact, there is no failure of title. He does not set out or prove the quantity he was bargaining for. This was his own fault. A *bonâ fide* holder of the paper cannot now be made to suffer for it. 5 How. 279; 1 Johns. Ch. 213; Ib. 519.

3. The court erred fatally in charging as to a collusion between Ray and McLandon, when there is not one particle of proof in the record that looks that way. It misled and influenced the minds of the jury to an extent that, of itself, requires a new trial. This is too clear to need authorities.

4. The court erred in refusing the two first charges asked by plaintiff.

If fraud or deception was practised on the maker of the note it was only good as a defence against the original holder of the paper. His saying it was a just note, is a waiver of all such defences. It is, in effect, a reissuance of the note, a republication to the world. It goes into the hands of a *bonâ fide* purchaser for valuable consideration without notice; then to permit the maker to set up such a defence, is to permit a fraud on his part. He commits the fraud. See, generally, 5 How. 471, 698; 6 Ib. 154; 3 S. & M. 647, 693.

*Guion* and *Baine* on the same side.

*R. McElroy* for appellee.

This was an action of assumpsit by Ray, plaintiff in error,

as bearer of a promissory note, given by McCary, the defendant in the court below, to one McClenden, in part consideration for a tract of land sold by McClenden to McCary. The defence relied on by the defendant was fraud and failure of consideration. There were three trials and three successive verdicts for the defendant, after which a fourth new trial was moved for by the plaintiff, on the grounds set forth in the motion, which being overruled by the court, the case was brought to this court by writ of error. It was in proof, the defendant McCary was in possession of the land under a deed of warranty, and not evicted. The record further abundantly establishes the fact of fraud by McClenden on McCary, in the sale of the land and in obtaining the note now sued on. Many charges by both plaintiff and defendant were requested to be given to the jury by the court; but as the verdict in the court below was for the defendant, only the first and second charges requested by the plaintiff, and refused by the court, in which there is supposed to be error, and upon which the judgment is sought to be reversed, will be noticed, namely, 1. That if the jury believe from the evidence, that the plaintiff Ray, when he was about to trade for the note sued on, applied to the defendant McCary to ascertain if he would be safe in so doing, McCary answered that the note was just, and he (McCary) had no offsets; but if he (Ray) traded for the note, he (McCary) would pay it, as as soon as he (McCary) sold his cotton; that McCary cannot now set up fraud or failure of consideration, although the defendant McCary was ignorant of such fraud or failure of consideration at the time he (McCary) gave the assurance of payment.

If the jury believe from the evidence that Ray applied to McCary when he was about to trade for the note, and McCary told Petty, the agent of Ray, that the note was good, and that he, McCary, would pay it, and thereupon Ray traded for the note, owing to the representations of his agent that even though there may have been fraud in the sale of the land by McClenden to McCary, McCary is bound unto Ray for the payment of the note; such assurances being a waiver by McCary of any special defence for fraud or failure of consideration against the payment of the note in the hands of Ray.

1st. The defendant contends, that by the statute of this State only two new trials can be granted to either party in any case. Hutch. C. 876, § 73.

2d. The defendant contends, that the testimony in the record does not prove the admission by him as alleged in the plaintiff's first and second instructions, there being conflicting testimony on this point, and a preponderance in his favor.

3d. The defendant contends, that if he had made the admissions as alleged in the plaintiff's first and second instructions, to wit, that the note was good and he would pay it, it would not preclude him from the defence of fraud; such admissions are only conclusive against him in the absence of fraud.

In 2 Stark. Ev., the Amer. Ed. 24, it is said, where a man has made a deliberate admission *in rem*, by giving his promissory note for the amount of goods sold, he is conclusively bound by it in the absence of fraud only. This is a much stronger case than the one at bar, even if there had been a parol admission, the vendee being at the time ignorant of such fraud; for a fraudulent contract cannot be confirmed by any subsequent declarations or acts by which its fairness is acknowledged. *Duncan* v. *McCullough*, 4 Serg. & R. 433; *Dingly* v. *Robinson*, 5 Greenl. (Me.) 127.

Mr. Justice FISHER delivered the opinion of the court.

In this case there have been three verdicts in succession for the defendant in the court below, and two new trials granted to the plaintiff.

The cause is now before us upon a writ of error to the judgment on the third verdict for the defendant, and it is assigned as error, that the court erred in refusing to grant a new trial and to set aside this verdict.

The statute declares that no more than two new trials shall be granted to the same party in a cause. Hutch. Code, 876. This settles the question. The court had no authority to entertain the third motion. It was unnecessary for him to hear what he was required by the law, under all circumstances, to refuse.

Having no power to hear the motion, he, for the same reason, had no power to make a bill of exceptions on refusing to grant the new trial.

A bill of exceptions taken to the decision of the court upon a motion granting or refusing a new trial, is intended to present the single question, whether the action of the court in this respect was correct. It can present no question, except such as the court could consider on this motion.

Our decision, therefore, is, that however erroneous the verdict may be, when compared with the evidence, it cannot be reviewed by the circuit court after two new trials have been granted to the unsuccessful party.

If the court shall err as to the law on the trial, the party should, at the time, except, and make his exceptions part of the record, and if it shall appear upon looking into the record thus made, that the court below erred as to the law, this court will reverse and award a *venire de novo* according to the practice previous to the statute of 16th December, 1830, Hutch. Code, 885, and according to the practice now in all cases, where no motion for a new trial was made, and the exception was taken on the trial to the ruling of the court.

The bill of exceptions in this case being part of the record for but one purpose, of enabling this court to review the action of the court on the motion for the new trial; and without the bill of exceptions, no error appearing in the record, we affirm the judgment.