Thornton *v.* West Feliciana Railroad Company.

CHARLES A. THORNTON *vs.* WEST FELICIANA RAILROAD COMPANY.

Where A. sued B. upon a claim, who pleaded that the action did not accrue within six years next before the commencement of the suit; and the plaintiff replied that at the time the cause of action accrued, the defendant was beyond the limits of this State, and that the action was brought within six years after his return to the State, concluding with a verification:—*Held*, that the affirmative of the issue was with the plaintiff, and he was entitled to the opening and conclusion.

The statute prohibits the granting of more than two new trials in the same case and at the instance of the same party; and, of course, precludes the party from availing himself of a bill of exceptions taken upon a motion for a new trial overruled as a means of reversing points alleged to have been decided erroneously at the trial.

In such a case, the exception is taken to overruling the motion for a new trial, and if the action of the court upon that motion was proper under the injunction of the statute, it cannot be erroneous because some of the rulings therein recited may be erroneous. *Ray* v. *McCary*, 26 Miss., 404, cited and confirmed.

IN error from the circuit court of Wilkinson county; Hon. Stanhope Posey, judge.

Thornton *v.* West Feliciana Railroad Company.

This was an action brought by the West Feliciana Railroad Company to the December term, 1851, of the circuit court of Wilkinson county against C. A. Thornton upon a note executed on the 11th day of May, 1840, by said Thornton and others (all of whom having died but him previous to the bringing of this suit, were not sued). The note was payable on the 1st of Nov., 1840, for the sum of $598.56; and the defendant left the State in the fall of 1845, or about the 1st of Jan., 1846, some months before the note was barred by the statute of limitations.

The defendant pleaded the statute of limitations of six years to the note; and the plaintiffs replied that the defendant was beyond the limits of the State when the cause of action accrued, and that the same did accrue within six years before the commencement of the action. The jury found a verdict for the plaintiff, and the defendant moved the court for a new trial, which was granted, and at the subsequent term of the court in Dec., 1852, the case was again tried upon the same pleadings, and a verdict rendered for the plaintiff, when the defendant's counsel again moved for and obtained a new trial. At the subsequent term of the court the case was again tried, and a verdict and judgment for the plaintiff. The counsel for defendant again moved the court for a new trial, which the court overruled, and the defendant excepted and brought the case to this court by writ of error.

*Simrall, Dillingham,* and *Merwin,* for appellant,
Cited and commented on Hutch. Code, 186, § 12; 10 Johns. 493; Angell on Limit. 216; 1 Pick. 262–266; Angell and Ames on Corp. 296; 12 New Hamp. 556; 1 S. & M. 412.

*Carnot Posey,* for appellee,
In reply, cited Hutch. Code, 834, § 11; *West Feliciana R. R. Company* v. *Stockett,* 13 S. M. 395.

Mr. Chief Justice HANDY delivered the opinion of the court.
This was an action founded upon a promissory note in the circuit court of Wilkinson county.

The questions presented arise under two bills of exception in the record; one taken to a point ruled by the court during the progress of the trial, and the other taken to the action of the court in overruling a motion for a new trial.

The point raised by the first bill of exceptions is, whether the plaintiff or the defendant had the right to open and conclude in adducing the evidence and in the argument of the cause; and this depends upon the pleadings.

At the time of trial the case stood upon the defendant's plea, that the cause of action did not accrue within six years next before the commencement of the action, and the replication of the plaintiff, that at the time when the cause of action accrued, the defendant was beyond the limits of this State, and that the action was brought within six years after his return to the State, concluding with a verification.

It is manifest, under this state of the pleadings, that the affirmative of the issue was upon the plaintiff. The replication set up new matter in avoidance of the bar of the statute, namely, the defendant's absence from the State at the time of accrual of the cause of action, and the bringing of the action within such time after his return as to remove the bar of the statute. This was the issue made, and it was incumbent on the plaintiff to show the state of facts alleged by him, otherwise the bar must have operated and the action failed. It is evident, therefore, that the affirmative of the issue was with him, and that he was entitled to the opening and conclusion.

The second bill of exceptions was taken upon the overruling the motion for a new trial; and a preliminary objection precludes all consideration of the matters presented in it.

It appears by the record that two new trials had been granted in the case, at the instance of the defendant, and that the motion to the overruling which this exception was taken, was the third application made by him for a new trial. Under the rule established upon this subject, it was competent for the defendant to take his bill of exceptions at the time, to any decision of the court made during the trial, set out the evidence and every thing that was necessary to the reservation and full presentation of the point of decision and incorporate it in the

record; and upon such bill of exceptions take his writ of error and have the decision examined in this court. But the statute prohibits the granting of more than two new trials in the same case and at the instance of the same party, and of course precludes the party from availing himself of a bill of exceptions taken upon motion for a new trial overruled, as a means of reversing points alleged to have been erroneously decided at the trial. For in such case the exception is taken to the overruling the motion for a new trial, and if the action of the court upon that motion was proper under the injunction of the statute, it cannot be rendered erroneous because some of the rulings therein recited may be erroneous. *Ray* v. *Mc Cary*, 26 Miss. 404.

The judgment is, therefore, affirmed.