## E. J. Bowers, Administrator, v. George A. Ross.

1. Practice. *Motion for third new trial. Exceptions.*
   Under our statute no more than two new trials in a case can be granted to the same party, and exceptions to the action of the court in overruling a motion for a third new trial cannot be considered by this court.

2. SAME. *Bill of exceptions. Effect of motion for new trial.*

A motion for a new trial is not a waiver of special bills of exception taken during the trial of a case, and while this court cannot consider exceptions to the action of the court below on a motion for a third new trial, it will consider special bills of exception to the evidence and instructions taken in the progress of the trial.

3. SAME. *Bill of exceptions. What to contain.*

Where exception is taken to the giving of an instruction, but the bill of exceptions does not contain the evidence necessary to enable the court to determine whether the instruction was applicable to the case, it will not be held erroneous if, in any conceivable state of facts that might have been in evidence under the issue joined, it was correct. The action of the court below is presumed to be right, unless the contrary is made to appear.

4. ATTACHMENT. *Non-residence. What evidence pertinent.*

Where an attachment is sued out on the ground of non-residence, the defendant is permitted to show, in abatement of the attachment, that, although he has a fixed abode in another state for an indefinite period, he still has his legal domicile in this state, with the intention of returning, and that he has left an establishment here, inhabited by his family, upon whom the ordinary process of law can be served, so as to bind him.

5. PRACTICE. *Bill of exceptions. What to contain.*

A bill of exceptions to the admission of certain testimony should show so much of the other evidence in the case as will enable this court to see whether, upon the whole, the part objected to was incompetent or irrelevant; and if the bill of exceptions does not do this, the court will not hold the testimony objected to to be incompetent or irrelevant, although it may appear so when taken alone.

ERROR to the Circuit Court of Madison County.

Hon. W. B. CUNNINGHAM, Judge.

On October 21, 1865, W. M. Fowler sued out an attachment against George A. Ross, upon the ground that he was "a non-resident of the state of Mississippi." The writ was levied on lands of the defendant, and one Brittain L. Prichard, as executor, was summoned as garnishee. Fowler having died, E. J. Bowers, the plaintiff in error, became administrator of his estate, and continued the suit. The defendant appeared and pleaded in abatement, traversing the statement in the affidavit that he was a non-resident of the state at the time the attachment was issued.

Upon the trial the defendant offered to prove by Robert Ross, his son, " that in September, 1865, his mother, the wife

of the defendant, sent him from Texas, with the approval of the defendant, and sent by him the promissory notes due by B. L. Prichard, executor of James L. Prichard, for the land in Madison County, which the defendant had sold to said Prichard in 1859, with a view to rescind the contract of sale of said land." And the defendant also offered to prove by the same witness " that the latter was in Bolivar County on October 21, 1865, and at that time was twenty-three years of age, and a free white person ; that he, the witness, staid at Mr. Whitworth's, where his sister was boarding, about four or five days, where he ate and slept ; and that Whitworth's place was three miles from his father's old place, where he lived before he moved to Texas ; that he [witness] did not stop at his father's old place, because it was entirely broken up and abandoned, and no one was living or staying there, white or black, and that he only passed through the plantation during his visit." The plaintiff objected to the introduction of this testimony as irrelevant to the issue.

The plaintiff asked the court to give, as his second instruction, the following :

" If the jury believe from the evidence that Ross, the defendant, broke up his abode in Bolivar County, Mississippi, to remove with his family to Arkansas, or Texas, and to remain abroad so long as the condition of things which induced his removal continued, and that he was living in Wood County, Texas, at the date of the suing out of the attachment, farming, and had made two or more crops there, then the jury will find the issue joined for the plaintiff."

The court refused to give the charge in that form, but modified it by inserting after the words "two or more crops," " so that the ordinary process of law could not be served on him."

The third instruction given for the defendant was as follows :

"A party attached as a non-resident must actually be a non-resident, so that the ordinary process of law cannot be served

upon him, and the party attaching must show this satisfacto-
rily to the jury, or it must appear from the evidence in the
case ; otherwise, the jury will find for the defendant.   It is not
sufficient merely to show that the defendant was absent from
this state when the attachment was sued out.''

And the defendant's fifth instruction was :

" If the jury believe from the evidence that the usual place
of abode of the defendant was in Bolivar County, Mississippi,
on the day the attachment was sued out, and that Robert
Ross was a son of the defendant and a member of his family,
and a free white person over the age of sixteen years at the
time, and that on the day the attachment was sued out Robert
Ross was at said place of abode, not transiently, but so per-
manently that the ordinary process of law would reach him,
and that the defendant was at that time temporarily absent in
Texas, they will find for the defendant.''

Prior to the rendition of the judgment to which this writ of
error applies, the case had been several times tried, and two
new trials had been awarded to the plaintiff in error.   Upon
the last trial he made a motion for a third new trial, which
was overruled, and he excepted by a general bill of exceptions.
But his exceptions to the instructions and evidence above set
forth were contained in special bills of exception.

*A. H. Handy*, for the plaintiff in error.

1. It was error to admit the testimony of Robert Ross in
relation to the rescission of the sale of land by the defendant
to Prichard ; and, also, to the effect that the witness, being
defendant's son, was in Bolivar County on October 21, 1865,
was of age and a free white person, and that he staid several
days at Whitworth's, about three miles from where the de-
fendant lived before he moved to Texas.   1 Stark on Ev., ed.
1860, p. 617.

2. Upon the evidence before the jury the third instruction
asked by the plaintiff was the proper rule of law governing
the case, and should have been granted without the qualifica-
tion added.   The sole and distinct issue was, residence or non-

residence. And it was clearly error in the court to suggest to the jury that they might consider whether the ordinary process of law might not have been served on the defendant, where there was no evidence whatever to justify such a suggestion. 33 Miss. 389; 31 Miss. 464. But the modification is also erroneous in leaving to the jury to determine what was a legal service of the ordinary process of law, which was a pure question of law. *Greenwale* v. *Mills*, 31 Miss. 464; *Young* v. *Power*, 41 Miss. 197; *Garrett* v. *Kirkman*, 33 Miss. 389; *Wilson* v. *Williams*, 52 Miss. 491.

3. The third instruction given for the defendant was erroneous. There was no evidence tending to show that the ordinary process of law might have been served on the defendant, so as to warrant a judgment against him. But the evidence fully showed a case of non-residence of the defendant; and, that being the case, it was error to instruct the jury that it must appear to them that the defendant was a non-resident, and that the ordinary process of law could not be served upon him, and that otherwise they should find for the defendant.

The fifth instruction given for the defendant was absolutely without any evidence on which to found it, and must have misled or confused the jury.

*A. H. Handy* also argued the case orally.

*John Handy*, for the defendant in error, argued the case orally and by brief, making the following points:

1. The record shows three consecutive verdicts for the defendant. The Code (sec. 647) forbids the grant of more than two new trials to the same party in the same cause. There was, therefore, no error in refusing the application for a fourth trial. In fact, the court had no right to hear and determine the motion for the new trial, for, upon the rendition of the third verdict for the same party and judgment thereon, the cause ceased to be *coram judice*, and the Circuit Court had no power to sign a bill of exceptions and order it to be made a part of the record. And if that court has done so, and the bill of exceptions is put in the record by the clerk, it is yet no

part of the same. It is a nullity; this court cannot look into it for any purpose; it can predicate nothing of it. *Ray* v. *McCreary*, 26 Miss. 404; *Thornton* v. *West Feliciana R. R. Co.*, 29 Miss. 143.

And, this being so, there is nothing in the record of this case to enable this court to ascertain whether there was error in the rulings of the court on the points of law raised about the admission of evidence, and in the instructions; for not one of the special bills of exception taken during the progress of the trial pretends to set forth all the evidence. There being, therefore, no general bill of exceptions which this court can notice to supply the deficiencies of the special bills of exception, this court is without knowledge of the facts of the case, so as to determine whether the court below erred or not in its rulings upon the law. 4 How. 90; 5 How. 654; 7 How. 671; 12 Smed. & M. 629; 23 Miss. 483; 24 Miss. 684; 25 Miss. 481; *Organ's Case*, 26 Miss. 78. The rulings will be presumed to be correct, and the judgment affirmed in such case.

We admit that this court may award a *venire de novo* (upon the ground of errors of law at the trial), even after the third verdict; and that, ordinarily, a bill of exceptions to the refusal of a new trial may be referred to in aid and support of a perfunctory bill of exceptions taken at the trial. Our position is that there is no general bill of exceptions before the court in this case.

2. But if the special bills of exceptions were full, this court should affirm, because (1) the instruction complained of is in accordance with *Alston* v. *Newcomer & Kausler*, 42 Miss. 186; (2) the testimony admitted could not in its character have been prejudicial to the objection (6 How. 654; 13 Smed. & M. 403). And these principles apply, *a fortiori*, where there have been three concurring verdicts. In *Philbrick* v. *Holloway*, 6 How. 91, this court said that where there have been *two mistrials*, and then a verdict, it will rarely interfere, and never, if a change of the result be improbable.

Simrall, C. J., delivered the opinion of the court.

It is objected by the defendant in error that we are pre-cluded from reviewing the proceedings and judgment on the last trial, because two new trials had been granted. We are referred to section 647 of the Code: " And no more than two new trials shall be granted to either party in the same cause." The next succeeding section allows a bill of excep-tions to the refusal or the granting of a new trial; on which error may be assigned. The closing section is: " And the Supreme Court shall have power to grant new trials, or to correct any errors of the Circuit Court in granting or refusing the same." This manifestly is subject to the prohibition of the preceding section; for, if the Circuit Court is forbidden by statute from granting a third trial, error could not be predi-cated of its refusal to do so.

Counsel for plaintiff in error has argued that, although that may be true, he is entitled to a review of all the questions reserved by special bills of exceptions taken on the trial. If the Circuit Court would not award a third new trial, a bill of exceptions taken to its ruling on that question, for the purpose of review in this court, cannot be considered by us for any purpose whatever. We must be confined to the special bills in considering the rulings therein complained of.

The bill of exceptions has no other function than to certify some ruling or action of the inferior court to the appellate court, for the purpose of review. It becomes part of the record for that purpose, and that alone. It would seem to follow, then, that if error cannot be predicated of a particular ruling, because the statute has denied power to the original court to do that particular thing, the bill of exceptions would be *coram non judice*, and would not present a question for review. Such is undoubtedly the rule established by · our decisions. The very point was ruled in *Ray* v. *McCreary*, 26 Miss. 407. Because the circuit judge had no power to hear the motion for a new trial, " he for the same reason had no power to sign a bill of exceptions, on refusing to grant a new

trial." To the same effect is *Thornton* v. *Railroad Co.*, 29 Miss. 145, 146 ; *Garnett* v. *Kirkman*, 33 Miss. 395, 396.

At common law the effect of a motion for a new trial was to waive all special exceptions reserved by bills of exception. Our statute, allowing a review of the decision of the Circuit Court on the application for new trial, has not been construed to operate as a relinquishment of special exceptions taken on the trial. But if the court has the case before it, brought up from a refusal to grant a new trial, it may on the whole case affirm the judgment, although there may have been errors on the trial ; for it may appear that such errors have been cured or waived, or that they were harmless.

The case of *Garnett* v. *Kirkman*, 33 Miss. 395, 396, is precisely like this — two new trials had been granted to the plaintiff in error, and the circuit judge had sealed a bill of exceptions to the decision refusing him a third trial. Special bills had also been allowed to rulings on the trial on points of evidence, and instructions to the jury. It was argued for the plaintiff in this court that inasmuch as he had had two verdicts set aside, and new trials granted, this court had no jurisdiction over the case for any purpose ; but it was held that the prohibition of the statute did not apply as to those exceptions specially reserved, and that if those rulings thus specially excepted to were erroneous, this court could so pronounce, notwithstanding there had been two new trials. *Ray* v. *McCreary*, 26 Miss. 404. The law has been considered as settled by these decisions.

We proceed to consider whether there is error predicated of the several special bills of exception. The first assignment affirms error in the refusal of the Circuit Court to give the second request of instruction, as propounded, for the plaintiffs, and also in the modification of it. It was : " If the jury believe from the evidence that Ross, the defendant, broke up his abode in Bolivar County, Mississippi, to remove with his family to Arkansas, or Texas, and to remaim abroad so long as the condition of things which induced his removal con-

tinued, and that he was living in Wood County, Texas, at the date of the suing out of the attachment, farming, and had made two or three crops there, then the jury will find the issue joined for the plaintiff.'' The court declined to give it in that form, but modified it by adding immediately following the words '' two or .more crops there,'' '' *so that the ordinary process of law could not be served on him.*'' No testimony is contained in the bill of exceptions to enable us to determine whether it was applicable to any phase of the case before the jury. We must, therefore, test the modification of the request by the rule — more than once recognized as sound in this court — namely, whether the charge, in any conceivable state of facts that might have been in evidence under the issue, was correct.

Submitting the instruction to that test, we may suppose that the plaintiff, Bowers, administrator, etc., was attempting to maintain the truth of his affidavit that Ross was a '' non-resident,'' because he had abandoned his domicile in this state and removed with his family to Texas, and there acquired a fixed abode, though uncertain as to its duration, but all the while meditated a return so soon as the exigency which induced his removal had passed away. Suppose, by such facts as these, the creditor was attempting to make out a case of non-residence within the sense of the attachment law, although the legal domicile and citizenship was all the while in this state ; the fact of whether the debtor, Ross, was amenable to the ordinary process of law is pertinent to the issue, and may be a pregnant circumstance in influencing the result.

When this case was before this court in 1873, this language was used in its opinion : '' These propositions rest on authority that, within the statute, to be a non-resident, the debtor must acquire abroad a fixed, established abode, either for business or other motive — it may be indefinite and uncertain as to duration ; and that because of such non-residence, although the legal. domicile and citizenship may be here, *yet the debtor cannot be reached by* the ordinary legal remedy ; so

that the only remedy open to the creditor is by attachment." The authorities then referred to in part are : *Crawford* v. *Wilson,* 21 Barb. 504; *Foster* v. *Brislew,* 19 Wend. 14; In re *Thompson,* 1 Wend. 43 ; *McKennan* v. *Massingill,* 6 Smed. & M. 377 ; and *Alston* v. *Newcomer & Kausler,* 42 Miss. 192. In the last case cited, the court said in reference to the debtor, who had removed and taken up a temporary residence in another state : " The intention (of the statute) was to give a remedy to creditors whose debtors were not amenable to ordinary process." One of the most weighty considerations in *Alston* v. *Newcomer & Kausler,* and in this case when formerly before this court on error predicated of the refusal of the new trial, in considering whether the respective defendants were liable to attachment, was that there was no remedy by personal action, because they had no " abodes " in this state, so that process might be served in one of the modes permitted by the statute.

So far, then, from the modification of the instruction being erroneous, a condition of facts may have been in evidence which would render it entirely proper. We cannot declare that it was erroneous.

The third and fifth instructions for the defendant are alleged to be erroneous, but the bill of exceptions is silent as to the testimony to which they might apply. We can readily conceive of a state of case, made by evidence pertinent to the issue, to which they would be applicable. It has not been shown that they are erroneous, and the presumption is, they are right.

The last assignment of error is, " overruling the objection of the plaintiff to the defendant's testimony in reference to Prichard's notes, and their surrender, and a conveyance by him to the defendant's wife." The only exception that is shown by the transcript to the testimony of the defendant, George A. Ross, in the particular recited, is in the general bill of exceptions taken to the refusal of a new trial. We suppose that this assignment was intended to refer to the testimony of

Robert Ross, the defendant's son, on the same point which is certified to us by special bill of exception, and we will so treat it.

The objection is that the testimony is irrelevant and impertinent to the issue, and may have contributed to confuse and mislead the jury. The appellate court reviews and corrects the mistakes of the inferior courts, but there can be in no proper sense a *review*, unless this court is made to see the very case — its attitude — at the time the ruling was made. That is especially so as respects objections to the competency and relevancy of testimony. The bill of exceptions must manifest that the objection is well taken. That can be done by setting forth the evidence already before the jury, or so much of it as suffices to enable this court to determine whether pertinent and relevant or not. In *Thornton* v. *Railroad Company*, 29 Miss. 145, the chief justice said that the established rule was " to set out the evidence, and everything that was necessary to the reservation and full presentation of the point of decision, and incorporate it in the bill of exceptions."

The propriety of this rule, and the necessity of full information of the circumstances surrounding the objection, is illustrated in *Organ's Case*, 26 Miss. 81. The court was hardly able to perceive the relevancy of the testimony, but concluded: " In the absence of all the other testimony, this court cannot, properly determine whether this evidence was improperly admitted, and will presume that the court below acted properly in refusing to exclude it." The court often rebukes that practice that would tolerate the " isolation from the entire evidence any portion of it seeming, when alone, to be wholly foreign to the *res gestæ*, and having the judgment reversed, when, upon the whole evidence, it would appear that the court below acted with perfect propriety." In *The State* v. *Farish*, 23 Miss. 493, the court uses the emphatic language that where " the bill embraces but a part of the testimony of a witness, and the record does not contain the whole of the evidence on the trial, it is, therefore, impossible to determine that the chancellor erred in overruling the objection to its introduction ;

for although the fragment of testimony, as it appears in the bill of exceptions, should have been rejected, it does not therefore follow that it was not perfectly competent when submitted in connection with the whole of that evidence. Indeed, the opposite conclusion necessarily follows, from the presumption of law that the decision of the court was correct on another principle.'' Many other cases might be cited from our books, all resting on the maxim that the presumption is in favor of the correctness of the rulings and judgments of all courts, and that he who alleges error must be able specifically to point it out.

It is not by any means true that a new trial will be granted because illegal evidence (as impertinent or irrelevant) has been admitted — as, where it would have had no influence on the verdict *(Pritchard* v. *Myers,* 3 Smed. & M. 42), or was merely cumulative *(Routh* v. *Agricultural Bank,* 12 Smed. & M. 161). See, also, *Barringer* v. *Nesbit,* 1 Smed. & M. 22; *McMullen* v. *Mayo,* 8 Smed. & M. 298. To determine the question of the effect of such evidence, the whole case, as it was presented to the jury, ought to be before this court on bill of exceptions.

The bill of exceptions in this case does not profess to give all the testimony of the witness; it does not pretend to disclose what was the purport of the evidence admitted when the objection was made. The record does not disclose enough to authorize us to declare that it might not have been pertinent and relevant.

On the whole case, we are constrained to affirm the judgment.

*A. H. Handy,* for the plaintiff in error, presented a petition for a reargument of the case, and in support thereof filed the following brief:[1]

1. The court below erred in admitting the testimony of Robert Ross, offered by defendant, to show a rescission of the

[1] The brief on the petition for a reargument is published in full, by special order of SIMRALL, C. J.

contract of sale by defendant, to one Prichard, of lands sold. by him to Prichard, and a reconveyance of said lands by Prichard to defendant's wife, Prichard being a garnishee in this suit on account of his indebtedness for said lands to defendant. The issue presented was solely whether defendant was or not a resident of this state when the attachment on the ground of his non-residence was issued. It appears too clear for argument that the proposed testimony as to the indebtedness of Prichard to defendant had no relevancy to this issue ; and, on the argument of the case here, it was not claimed by defendant's counsel to have any legitimate bearing upon the issue. And if it appears that irrelevant testimony has been admitted over the objection of the plaintiff, that is ground of error, which must reverse the judgment. 1 Stark. on Ev., ed. 1860, p. 617, margin ; 1 Gra. & Wat. on New Tr. 233 *et seq.*, and cases there cited.

What, then, is the chief test as to whether evidence proposed is relevant or not? It obviously is by reference to the issue made by the pleadings. " On the trial, nothing is to be taken into consideration but the question in issue." Stephen's Pl. 83, margin. When, therefore, evidence is offered, the court is bound first, and only, to refer to the issue joined, and to determine whether, from its nature and character, the evidence tended in any reasonable view to the solution of the question at issue. If from its nature and character, *prima facie*, it appears to have no such legitimate tendency, its admission would be error. If the evidence is apparently irrelevant, as tested by the issue, it must be rejected ; and it is the duty of the party offering it to show its relevancy by suppletory proof, or else the evidence proposed must be held inadmissible ; and, if he fails to do so, such suppletory evidence cannot be presumed nor supposed. *Dyson* v. *The State,* 26 Miss. 385 ; *Fondren* v. *Darfee,* 39 Miss. 324 ; *Worton* v. *Howard,* 2 Smed. & M. 530 ; Gra. & Wat. on New Tr. 240, 241.

In presenting the objection to the admission of this piece of

testimony, it was by no means necessary that the objection should do more than to state its nature and character; and the bill of exceptions was not required to set forth the particulars of the statements of the witness. The objection was to the admission of the testimony before it was given to the jury. And that was on account of the nature and effect of it. When the objection was made, the testimony had not been delivered, and it was, hence, impossible to state its particulars minutely. And the exception was taken to its admission because of its irrelevancy as offered, and at the time of the ruling, and before its delivery to the jury. The objection, therefore, necessarily went to the nature and character of the testimony as irrelevant; and this is all that was or could be done, from the nature of the subject-matter.

A bill of exception is required to be on some point of law, either in admitting or denying evidence, or the like. Bull. N. P. 216; 1 Stark? on Ev., ed. 1860, p. 791, margin. It may be from particulars of evidence, or from its kind and nature, and it is sufficient to raise the question of competency that the legal point of objection is clearly presented, whether in the one respect or the other. Here the nature and character of the evidence objected to was fully presented. Upon the issue joined, it was apparently irrelevant, and the record shows nothing to support the supposition that there was any suppletory evidence offered to make it relevant. *Prima facie* it was, therefore, irrelevant and inadmissible, and that presumption is not destroyed by anything in the record. To hold that it may be taken that there was something in the entire evidence to destroy this presumption, is to ignore the bill of exceptions as true — to suppose the existence on the trial of evidence justifying the admission of the evidence, when nothing of the kind appears by the record; and this in violation of the *prima-facie* irrelevancy of the evidence objected to, which, it is humbly submitted, would be in violation of the settled rules on the subject, stated in the cases above cited.

But the first special bill of exceptions does clearly and fully

state the testimony excepted to, and no minuteness of the precise language used by the witness could have more distinctly and fully, if given, presented the ground and point of objection, in law, to the admission of this testimony than the statement contained in the bill.  All that is required is that the exception state, in general, the nature and character of the testimony, and the substance of what was intended to be proved by it, so as to present the question whether that testimony was irrelevant to the issue, which was the ground of the objection.  And it must be taken on this bill of exceptions that the defendant acquiesced in its statement as to the nature and substance of the testimony objected to, inasmuch as the bill of exceptions shows no evidence, or offer of evidence, to rebut the *prima-facie* irrelevancy of the testimony.  And the bill of exceptions must be presumed to show the substance of the evidence offered and admitted, as stated on the trial and certified by the judge.

2.  The testimony of Robert Ross, offered by defendant, was clearly inadmissible to show that defendant was, at the time of issuing the attachment, either a resident of Bolivar County, or might have had the ordinary process of law served on him, so as to render him suable in an ordinary action by the plaintiff. The bill of exceptions (2) clearly and fully states this testimony.  And it does not appear by anything else in the record that there was any other evidence in the case upon the question of defendant's being a resident of Bolivar County when the attachment was issued, or of his being subject to an ordinary suit there at that time.  And this testimony did not tend to prove, with any legal sufficiency, either of these categories. For it (1) incontestably shows that defendant was not then a resident of that county ; and (2) that there was no person of his family aged sixteen years to be found at his usual place of abode, and willing to receive a copy of process, or by posting on the door of defendant's usual place of abode.  Rev. Code 1857, p. 489, art. 64 ; Code 1871, art. 701.

There can be no pretense that this testimony tended to show that defendant's abode was, at that time, in Bolivar County ;

or that his former plantation there was then his place of
abode; or that there was then any member of his family there
at his usual place of abode; or that there was on the place at
that time any dwelling, the usual place of defendant's abode at
that time, on the door of which a copy of ordinary process in
a suit could have been posted. This testimony is clear and
positive that his former place of residence, years before, in
Bolivar, was not, at the time referred to, his usual place of
abode, but it shows that he had had his usual place of abode
in Texas, and was engaged in farming there for more than
two years; that no one was then there as a member of his
family, and no one whatever living there; that this witness
was not at the place of abode on the place; and that the place
was entirely broken up and abandoned. And it is plain that
if, under the circumstances stated by the witness, process in a
suit had been attempted to have been served on defendant, it
would have been illegal and insufficient to justify a judgment
against him. And this view appears to be held in the opinion
of the court here.

But the opinion of the court seems to proceed upon the
ground that this bill of exceptions does not purport to set
out the whole evidence given on the trial as to the residence
and liability to suit of defendant; and that, since there may
have been other evidence adduced to show such a state of
case, the court is not warranted in holding the evidence offered
inadmissible. We most respectfully submit that this view,
or any other that would hold this evidence admissible on this
record, is not supported by sound principle or authority, and
especially by the rules as settled in this court; and for the
following reasons:

(1.) The opinion of the court holds the general bill of excep-
tions taken to the overruling the motion for a new trial as
having no force or effect, and not to be considered for any pur-
pose in this case. And we concede that view to be correct.
The consideration of the case here, then, was and is confined
to the special bills of exceptions taken on the trial; and each

of these exceptions presents a distinct and substantive ground of objection to the rulings severally and specially complained of. The second bill of exceptions, now under consideration, shows the evidence now before this court, or which the court can in any way consider, touching the question of residence, or of liability to ordinary suit, of defendant, in this state, in October, 1865, when this attachment was issued. The court cannot properly know that there was any other evidence on these points than that stated in this second bill of exceptions, inasmuch as there is no other medium in the record properly presenting any other evidence for consideration, for any purpose, which this court can notice.

It is clear, therefore, that in the determination of this case the court is not warranted in supposing, much less in presuming, that there was any other or further evidence in relation to the matters involved in this second exception than what is shown by it; and the undersigned is unable to comprehend either the law or the logic of the position that where there is error *prima facie* in admitting evidence, that presumption is destroyed by the assumption that such ruling must be held to be proper, on the supposition that there was other evidence justifying it which did not appear by the record. We have above shown that this evidence was insufficient and incompetent upon the issue joined; and since there is nothing in the bill of exceptions to show that there was any testimony adduced to rebut this presumption arising from the evidence as stated, it must be here taken that no further or suppletory evidence was adduced touching the points here excepted to, and that the statements of the exception present the entire case for decision here. *Dyson* v. *The State*, 26 Miss.; *Forhan* v. *Durfee*, 39 Miss.; Gra. & Wat. on New Tr. 240, 241. It would, therefore, appear clear that the evidence excepted to in this second exception, being incompetent upon the issue, and there being nothing shown to render it competent, must be held to have been erroneously admitted, over the plaintiff's objection.

(2.) But whether there was other evidence or not upon the

matter involved in this exception, if the testimony there objected to was in itself incompetent — as it appears to be conceded to be — it was error to admit it; and this is ground for reversal. For, from the nature of the testimony, its competency did not depend upon the aid of other testimony. If it was incompetent on the points involved in it, it could not be rendered competent by other evidence, even if any such was adduced to support it. So that, in any view, no other testimony can be considered, to make it legal and sufficient.

(3.) But we respectfully submit that, in these bills of exception which are special, it was not necessary or proper, according to settled principles and practice, to set out all the evidence, in either of them, adduced on the trial. A special bill of exceptions taken to any particular ruling should only contain so much of the evidence as is necessary to present the legal question raised; and more than that is condemned. *Zeller* v. *Eckert*, 4 How. 297; *Johnston* v. *Jones*, 1 Black, 209. A bill of exceptions is not to draw the whole matter into examination, but only for the single point presented. 1 Bac. Abr., title " Bill of Exceptions." It ought to be on some point of law either admitting or denying evidence. Bull. N. P. 216; 1 Stark. on Ev., ed. 1860, p. 791. These rules have reference to exceptions taken under the rules of common law.

And this is fully sustained by the decisions in this state. If exception be taken to the admission of testimony on a single point, it is only necessary that the bill of exceptions state that evidence; and, if it appear to have been improperly admitted, that is sufficient to reverse the judgment. *Worten* v. *Howard*, 2 Smed. & M. 530. When the question is whether the evidence is material to prove the issue, only so much of it shall be stated in the bill of exceptions as to enable the court to judge of its materiality. *Neal* v. *Saunderson*, 2 Smed. & M. 572, 579.

No case has been shown in this state wherein the exceptions were special, and taken during the trial, to particular rulings of the court, and in which it has been held that such exceptions

must set out the whole evidence given on the trial; and such
a practice is universally condemned by the rules of common
law. But, on the contrary, it is held that, upon such an excep-
tion to an instruction granted or refused, only so much of the
testimony need be stated as bears on the propriety of the
instruction. *Muirhead* v. *Muirhead*, 8 Smed. & M. 211.
And the same principle manifestly applies to exceptions taken
on the trial, as in this case, to rulings of the court in admitting
or denying evidence. A different rule prevails in this state
with reference to exceptions taken to the granting or overruling
of motions for new trials, because a different principle applies
to exceptions in the two classes of cases. Those in cases of
motions for new trials were the creatures of statute here, and
unknown at common law. Such motions are addressed to the
sound discretion of the court, and, therefore, it is necessary
in them to set out the whole evidence and rulings of the court
in order to enable the appellate court to judge whether the
judgment is erroneous or not on the whole record. And,
hence, though there appear to be error in the rulings, the court
will not reverse on a review of the whole record, if the judg-
ment upon the whole be correct. This savors of an equitable
principle. But in special exceptions taken on the trial the
strict legal rule is applied, and if in such cases there are found
erroneous rulings, the judgment will be reversed; for the
court can look at nothing but the special errors appearing by
such bill of exceptions. *Organ* v. *The State* is cited as
belonging to this class. But the case was brought up on
exceptions taken to overruling a motion for a new trial, and
no special exceptions appear to have been taken on the trial.
26 Miss. 78.

3. We submit that it was manifest error in the court below
to make the modification to the plaintiff's second instruction,
asked, in relation to the defendant being liable to be sued by
the ordinary process of law, and in embodying the same feature
in the third instruction given for defendant. These rules
were given to the jury without any direction whatever as to

what was sufficient to justify a service on the defendant, in his absence from this state, of ordinary process of law. This was clearly a question of law, which the jury were incompetent to determine, and which should not have been left to them without specific instructions as to the mode and circumstances in which our law authorized such constructive service of process upon an absent or non-resident defendant; a matter of grave legal difficulty, requiring for its solution an accurate knowledge of the requirements of law upon the subject. And yet it was left entirely to the jury to determine, and to be shown " satisfactorily to the jury." It is plain that an important question of law was thus left to the jury without any instruction, and this was error, as shown by the authorities in our original brief, and in *Jarnagan* v. *Fleming*, 43 Miss. 710 ; 41 Miss. 291 ; George's Dig. 421, sec. 3. This ground of error appears not to have received the consideration of the court in the opinion delivered, and is deemed sufficient to reverse this judgment. The error is manifest, and it must, on well-settled principles, be presumed to have operated to the prejudice of the plaintiff. Gra. & Wat. on New Tr. 263, and authorities above cited.

But, in any view, the prejudicial principle stated by the court in these instructions was inapplicable to the evidence shown by this record, and was, therefore, improperly stated and given to the jury. See George's Dig. 418, sec. 3, pl. 8 and 9, and cases cited. There is no evidence in the case that can be considered, to justify submitting to the jury the question whether the ordinary process of law could not have been served on the defendant. The only evidence in the record touching that point, which, according to the opinion of this court, can be taken into consideration, is that stated in the special bill of exceptions. And in no just view of that testimony can it be held as tending to prove that the ordinary process of law might have been legally served in October, 1865, so as to charge this defendant. Yet, without any sufficient evidence to this point, and with an entire submission of

the whole question of law, " to the satisfaction of the jury," the verdict was rendered, whereby the plaintiff has lost a large debt.

Again, we insist that the only evidence in the record touching the question of service of ordinary process of law on the defendant is that of Robert Ross, stated in the second bill of exceptions. That bill of exceptions must be presumed to state properly all the testimony of that witness, and nothing else appears which can be noticed, to show that there was any other evidence. It was only necessary, in the exception to the erroneous ruling of the court on these instructions, to refer to the evidence upon the point, as stated in the bill of exceptions.

That is the only evidence presented by the record, and must be so taken under the rule held in this opinion; and that evidence, so stated, shows that the rulings of the court here complained of were erroneous.

CHALMERS, J., delivered the following opinion of the court, refusing to grant a reargument.

There is no difference between counsel and the court as to the principles of law which govern this case. Those principles are :

1. That the general bill of exceptions cannot be looked at for any purpose ; but the correctness of the proceedings below must be tested exclusively by the special bills.

2. That it is not necessary that the special bills should contain anything more than is material and necessary for properly presenting the points decided and excepted to in the lower court.

3. That every presumption must be indulged in favor of the rulings below, and those rulings must be sustained if they might have been correct under any possible proof admissible under the pleadings.

Let us apply these principles. We can look alone to the special bills of exception. These are predicated mainly upon the action of the court in modifying the plaintiff's second

charge, and in giving certain charges on behalf of the defend-
ant. The effect of the modification and of the charges was
to direct the minds of the jury, in passing upon the issue of
non-residence, to the question whether, at the date of the
issuance of the attachment, the defendant could have been
reached by the ordinary process of law. Was this necessarily
erroneous? Ordinarily, it would be so; because, ordinarily,
non-residence, of itself, warrants attachment. But there is one
kind of non-residence in which the non-liability to other process
is an important factor in determining the liability to attach-
ment. It is the kind of non-residence illustrated in *Alston* v.
*Newcomer & Kausler*, 42 Miss. 186, where a citizen of the
state, who retains his legal domicile and citizenship here, has
taken up an actual, fixed abode in another state for an indefinite
period, though with the intention of ultimately returning when
the business or pleasure which took him abroad shall have
terminated. Though in such a case he is personally non-resi-
dent — that is to say, he does not himself reside here — yet, if
he has left an establishment here inhabited by his family, upon
whom the ordinary process of law can be served so as to bind
him, he will not be liable to attachment.

Whether this state of facts existed as to the defendant in this
case was, as we gather from the pleadings and the instruc-
tions, the very point at issue. There may have been testi-
mony properly admissible under this issue which rendered it
not only proper, but the duty of the court, to make the
modification, and give the charges excepted to. Indeed, we
find the very principle contained in the modification, and in
the charge complained of, distinctly asserted by the plaintiff
himself, in his own first instruction. By this the jury were
informed that if they believed that, when the defendant "left
Mississippi, he left at his then residence no member of his
family, or white person over the age of sixteen years with
whom process could be left in this suit," they must find for
the plaintiff.

We certainly cannot hold, in the absence of the evidence,

that the circuit judge erred in making the other charges con-form to the law, as thus enunciated by the plaintiff himself.

The only other error assigned is the action of the court in admitting testimony to the effect that the defendant, while in Texas, had rescinded the sale of his Madison lands, and had repossessed himself of them. This testimony certainly seems irrelevant to the question whether defendant was or was not a non-resident; but, turning again to the plaintiff's first instruc-tion, we see that the jury were there invited by him, in pass-ing upon the question of non-residence, to consider whether the defendant had sold his lands in Madison county, and then removed to and settled in Bolivar, and from there had removed to Texas. From this it seems that the plaintiff, with a view of strengthening his case on the question of non-residence, had proved a sale of the Madison lands. It was wholly unnec-essary for him to have done so, but, having done it, he cannot complain that the defendant, in rebuttal, showed a rescission of the sale before the issuance of the attachment writ.

The action of the court embodied in the second special bill of exceptions is not assigned for error.

Reargument denied.

CAMPBELL, J., having been of counsel, took no part in the decision of this case.