## G. W. TAGERT v. C. A. BAKER.

1. THIRD NEW TRIAL. *Order granting. Writ of error.*
   The general rule that a writ of error will not lie to an order granting a new trial does not apply to such order if made after three concurring verdicts, which is prohibited by Code 1871, § 647.

2. SAME. *Errors of fact alone covered by the statute.*
   If, without error of law in either of the three trials, the new trials are granted because of the jury's incorrect conclusions of fact, the order vacating the third verdict is void, and the successful party is entitled to judgment.

3. SAME. *Practice in Supreme Court. Judgment.*
   The Supreme Court, if satisfied that the last new trial is unauthorized, will vacate the order and remand the case with instructions to enter judgment *nunc pro tunc* on the last verdict, but, if not so satisfied, will affirm the order and remand, with instructions to proceed to another trial.

4. SAME. *Presumption as to correctness of order granting.*
   On the party asserting that the lower court has disregarded the statute the burden rests to show affirmatively that all the verdicts have been set aside because erroneous on the facts.

5. NEW TRIAL. *Order granting. Recitals.*
   *Semble,* that orders granting new trials should recite whether they are made for errors of law or incorrect findings of fact.

ERROR to the Circuit Court of Jackson County.

Hon. J. S. HAMM, Judge.

The error assigned is the action of the court below in setting aside the third successive verdict for the plaintiff in error, and granting to the defendant in error a third new trial. The plaintiff in error excepted, brought up the case, and asks this court to reverse the order granting the third new trial, and to order the court below to enter judgment *nunc pro tunc* on the last verdict.

*C. H. Wood,* for the plaintiff in error.

Granting to a party more than two new trials is prohibited by the statute. Code 1871, § 647; *Ray* v. *McCary*, 26 Miss. 404; *Bowers* v. *Ross*, 55 Miss. 213. No error of law appears in the third trial, but the new trial was granted for mistakes of fact by the jury.

*R. Seal,* for the defendant in error.

A third new trial can be granted if the court committed errors of law during the trial, or if there is no evidence to sustain the verdict. *Ray* v. *McCary,* 26 Miss. 404; *Field* v. *Weir,* 28 Miss. 56; *Thornton* v. *West Feliciana Railroad Co.,* 29 Miss. 143; *Crocket* v. *Young,* 1 S. & M. 241. The action of the court must be presumed correct until error is made to appear. The order granting a new trial is interlocutory, not final, and no appeal or writ of error will lie. Code 1871, § 409.

CHALMERS, J., delivered the opinion of the court.

The court below set aside the third concurring verdict rendered for the plaintiff in error, and granted the defendant a fourth trial. From that order the plaintiff sued out this writ of error, and assigns as the sole ground of error the alleged usurpation of power on the part of the court in violating, as is claimed, that clause of the statute which provides that " no more than two new trials shall be granted to either party in the same cause." Code 1871, § 647. It is insisted on behalf of the defendant that the writ of error is premature, because none lies to an order granting a new trial, and that the plaintiff should have awaited the result of the fourth trial, and then, if dissatisfied, should have taken a writ of error because of that result.

Ordinarily this doctrine is correct, but an order granting a new trial after three concurring verdicts is exceptional and peculiar. If no errors of law have intervened in the progress of the several trials, and if all the new trials have been granted because of incorrect conclusions of the jury as to matters of fact, the court has no power to set aside a third verdict; and its order to that effect being a nullity, the successful party has a right to demand the rendition of a judgment in his favor. He must, therefore, if this be refused, have the right to bring the case before this court directly, and have the question tested, whether the fourth trial was awarded under circumstances which authorized it. If we should be of opinion that it was unauthorized, we would reverse and vacate the order, and remand the case with instructions to the lower court to

render a judgment *nunc pro tunc* on the last verdict found by the jury.

It has uniformly been held, however, that the statute denying to the court power to grant more than two new trials to the same party in the same case does not apply where error of law has intervened to the prejudice of the unsuccessful party, and it is therefore incumbent upon him who asserts that the court has disregarded this statute to show affirmatively that all the verdicts have been set aside because deemed erroneous upon the facts. The action of the court in granting a fourth trial has not been shown to be in excess of judicial power until it has been demonstrated that none of the preceding verdicts have been set aside because of erroneous ruling of law by the court. *Ray* v. *McCary*, 26 Miss. 404; *Bowers* v. *Ross*, 55 Miss. 213.

No such showing is made by the record in this case. It does appear that the last verdict rendered (the third one) was set aside because of erroneous findings by the jury, but there is no showing whatever as to the grounds for setting aside the first one; and, as to the second, the motion to set it aside was based both upon alleged errors of law committed by the court, and erroneous findings of fact by the jury, with nothing in the judgment sustaining it to show upon what ground it was sustained. It is manifestly impossible for us to say, under these circumstances, that the court below exceeded its power in setting aside the last verdict, and therefore its order is affirmed and the cause remanded with directions to proceed to another trial. The consideration of this case impresses us with the necessity of embodying in orders granting new trials a recital of whether the same is done because of errors of law or erroneous findings of fact.

*Affirmed and remanded.*