B. M. PARHAM, SURVIVING EXECUTOR, *v.* R. S. STITH, ADMINISTRATOR.

1. THIRD NEW TRIAL. *Statutory prohibition. Errors of fact.*
   Under Code 1880, § 1719, a third new trial can be granted the defendant only for errors of law, where the record of the case shows that at least two of five verdicts against him were set aside upon the facts.

2. SAME. *Errors of law. Special bills of exception.*
   The errors of law in such a case must be evidenced by special bills of exception and the general bill embodying the evidence cannot be considered. *Ray* v. *McCary,* 26 Miss. 404, and *Bowers* v. *Ross,* 55 Miss. 213, followed.

APPEAL from the Circuit Court of Marshall County.

HON. W. S. FEATHERSTON, Judge, did not sit in this case, but HON. C. H. CAMPBELL presided by interchange.

The fifth trial of this case was on a plea of payment to a declaration on a note, and, as shown by a general bill of exceptions, it

proceeded thus: The defendant, R. S. Stith, administrator of the estate of F. T. Leake, deceased, introduced a receipt, dated May 3, 1862, and signed by William E. Tomlinson, deceased, formerly co-executor with the plaintiff, B. M. Parham, of the will of J. M. Lewis, in which payment by Leake, the maker of the note, of fifteen hundred and ninety-eight dollars was acknowledged as full satisfaction with a promise to cancel the note and send it to him by mail; and the receipt being admitted to be genuine by the plaintiff, the defendant rested. The plaintiff then introduced evidence to show that only five hundred dollars was paid on the note, the balance of the sum named in the receipt being a bill of exchange on a firm in Memphis, Tennessee, which they refused to pay, on presentation, except in Confederate money, which Tomlinson declined. The defendant requested and the court, under the plaintiff's objection, gave this charge: " 1. If the jury believe from the evidence that the note sued on has been paid in money, they should find for the defendant." The plaintiff instantly excepted. This charge was asked by the plaintiff: " 6. The testimony in this case is insufficient to sustain the plea of payment, except as to five hundred dollars paid May 3, 1862, and the jury should find for the plaintiff the balance due on said note, to wit: One thousand and ninety-eight dollars, with ten per cent. interest since May 3, 1862." This the court refused; to which action the plaintiff at the time excepted. After the jury returned a verdict for the defendant, the plaintiff moved the court to set aside the verdict and grant him a new trial on the grounds that "the court erroneously refused to charge the jury for the plaintiff," and "the court erred in its charge for the defendant." After this motion was overruled, the general bill of exceptions was presented, which recited the foregoing facts and immediately after setting out the motion concluded thus: " Which motion, after argument of counsel, was by the court overruled, to which action of the court in overruling said motion and refusing to grant a new trial plaintiff at the time, by his counsel, excepted, and, to save the benefit thereof, tendered this his bill of exceptions, and asked that the same be signed by the court and made a part of the record in the case, which is accordingly done," and the judge's signature was affixed.

*J. H. Watson,* for the appellant.

The undisputed testimony explaining the receipt was not in conflict with that paper, but was in the nature of confession and avoidance, and the court should have decided the case by giving the sixth charge asked for the plaintiff. *Koons* v. *Steele,* 19 Penn. St. 203 ; *Graff* v. *Pittsburgh Railroad Co.,* 31 Penn. St. 489 ; *Hess* v. *Miles,* 70 Mo. 203 ; *Cutler* v. *Hurlbut,* 29 Wis. 152 ; *Benham* v. *Purdy,* 48 Wis. 99 ; *Harriman* v. *Queen Insurance Co.,* 49 Wis. 71 ; *Carter* v. *Shorter,* 57 Ala. 253 ; *Wisner* v. *Davenport,* 5 Mich. 501 ; *Pleasants* v. *Pendleton,* 6 Rand. 473 ; *Spalding* v. *Bull,* 1 Duvall 311. There was no evidence of payment in money, and the error in giving the defendant's first charge is manifest. If there was any error in law at the last trial of this case the rule as to concurring verdicts cannot be invoked.

*R. S. Stith, pro se.*

Improbability marks the plaintiff's evidence to such a degree that no jury will credit the story. This is the secret of the five concurring verdicts. *Interest Reipublicæ ut sit finis litium.* A case seldom occurs which illustrates the maxim more forcibly than the present. As the court had no power after the third verdict to hear a motion for another new trial, the general bill of exceptions to the order overruling this motion is void, and this court cannot look at it for any purpose. *Ray* v. *McCary,* 26 Miss. 404 ; *Thornton* v. *West Feliciana Railroad Co.,* 29 Miss. 143 ; *Bowers* v. *Ross,* 55 Miss. 213 ; *Strickland* v. *Hudson,* 55 Miss. 235. Two, at least, of the verdicts were set aside upon the facts. This appears affirmatively of record. Error in the last trial can be shown only by a special bill of exceptions taken during the trial. There is no such special bill, and the judgment must be affirmed.

CHALMERS, J., delivered the opinion of the court.

This case has been pending more than seventeen years and will be found reported, *Parham* v. *Stith,* 56 Miss. 465. There have been five consecutive verdicts for the defendant and none for the plaintiff, who now appeals from the fifth verdict against him. The record affirmatively shows that two at least of the former verdicts

have been set aside on the facts. The third verdict was set aside "because, as the order setting it aside recites, it was contrary to the law and evidence," and the fourth, "because the evidence was insufficient to warrant a verdict for defendant." It follows therefore under the statute, § 1719, Code 1880, that the present verdict can only be set aside, if at all, for error of law, and as has been several times decided by this court, that error must be evidenced by a special bill of exceptions, and the general bill of exceptions, if there be one, embodying the evidence, cannot be looked to for any purpose. *Ray* v. *McCary*, 26 Miss. 404; *Bowers* v. *Ross*, 55 Miss. 213; *Tagert* v. *Baker*, 57 Miss. 303. There was in this case no special bill of exceptions to anything done in the court below, and hence the judgment must be

*Affirmed.*