BAMBERGER, BLOOM & CO. v. MERCHANTS' & FARMERS'
BANK OF KOSCIUSKO.

ATTACHMENT.    *Removal from the state.    Sufficiency of evidence.*

> A merchant is not rendered·liable to attachment on the ground that·
> he was about to ''remove himself or his property out of this.
> state'' by the facts that his business was not prosperous; that he
> was dissatisfied and desired to remove to another state; that,
> several months before the attachment, he had requested a witness·
> to look out for a suitable location for him in another state, and
> that he corresponded with friends in another state with a view to·
> removal, when it also appears that his contemplated removal was·
> altogether conditional, and that at the time of the attachment he
> was conducting his business in the usual way, and making no·
> preparations for the removal either of himself or his property.

FROM the circuit court of the first district of Carroll county.
HON. C. H. CAMPBELL, Judge.

Attachment by the appellee against one E. C. Doty, on the
ground, among others, that he was about to remove himself or
his property out of this state.    The defendant did not contest
the grounds of attachment, and the cause was tried on the issues
presented by the intervention of the appellants, creditors of the
defendant, who did contest them.    There was no evidence
tending to support any of the grounds of attachment, save the
one above stated.    The substance of the evidence relating to
that ground is given in the opinion of the court.    Peremptory
instructions were asked by both the plaintiff and the inter-
venors.    That asked by the former was given and that asked
by the latter refused.    Verdict and judgment for the plaintiff,
and appeal by the intervenors.

*Coleman, Somerville & Liddell*, for the appellants.

The evidence does not show that Doty was about to remove
himself or his property out of the state, within the meaning of

the attachment law. The statute does not authorize attachments against debtors who have formed the intent or purpose merely to remove, but those who are "about to remove," those who, at the time, are engaged in or near the performance of the act or making preparations to carry it out. *Myers* v. *Farrell*, 47 Miss., 281; *Hockspringer* v. *Ballenberg*, 16 Ohio, 304; *Jackson* v. *Burke*, 4 Heis. (Tenn.), 610.

*Southworth & Stevens*, on the same side.

The mere formation of an intent to remove is insufficient to warrant an attachment. Especially is this the case where the expressed intent is coupled with conditions that make its execution very uncertain. *Myers* v. *Farrell*, 47 Miss., 281. Absolutely nothing was done by Doty to carry into effect his alleged intentions, and his dissatisfaction and talk about going away might have continued indefinitely, without resulting in a removal.

*Dodd & Armistead*, for the appellee.

The second ground of our attachment law makes a party liable to attachment who is a debtor and has "removed, or is about to remove, himself or his property out of this state." And, if such removal would prevent his creditors from collecting the debt by service of process upon him in this state, he is liable to attachment, and this is equally true whether it is removal of his person or his property out of the state, if he is insolvent at the time, for the very manifest reason that it defeats the jurisdiction of the courts of this state. *Alston* v. *Newcomer*, 42 Miss., 186; *Morgan* v. *Nunes*, 54 *Ib.*, 308; *Montague* v. *Gaddis*, 37 *Ib.*, 453; *Myers* v. *Farrell*, 47 *Ib.*, 281, 286.

WOODS, J., delivered the opinion of the court.

The entire evidence in this case, taken together and fairly considered, satisfies us that, in no proper sense, was the attached debtor "about to remove himself or his property out of

this state.'' ·He was a merchant whose business was not pros-
perous, and had been unsatisfactory, because of its unsuccess-
fulness, for several months.   He was, therefore, casting about
for a new location, and was desirous to make a change, and to
remove to another and better field in another state.   Months
before the attachment was taken out, he had requested one of
the witnesses for the appellee to look about in the state of
Texas, and, if possible, find a new location, where he might do
a more successful business.   He had opened a correspondence
with friends in New Orleans, La., with a view to removing to
that state if satisfactory arrangements could be made so to do.
The evidence clearly shows that he was dissatisfied with his want
of success at Carrollton, and that he contemplated leaving that
place and this state, if he could find a suitable place offering
promise of success in business in Texas, or if he could procure the
place in New Orleans which he desired.   He was contemplating
removal from this state, and had been so doing for several
months prior to the taking out of the attachment, but this con-
templated removal was altogether conditional.   He might go to
Texas or Louisiana, or he might not.   He was conducting his
business in Carrollton in the usual way—just as he had always
done.   He was making no preparations for removal, even of
himself, much less his property.   He was not on the eve of re-
moval to any place, and he was not, therefore, about to remove
himself from this state.

The peremptory instruction for the attaching creditor should
not have been given, and the fourth instruction asked by the
intervenors, which, in effect, was a peremptory charge, should
have been given.

                                            *Reversed and remanded.*