## CLAY v. CLAY.

[99 So. 818. No. 24125.]

(Division A. April 28, 1924.)

1. DIVORCE. *Wife temporarily out of state held "domiciled within state."*

Under paragraph (b), section 1675, Code of 1906, section 1417, par. (b), Hemingway's Code, providing that the chancery court shall have jurisdiction to grant divorce "where the complainant was domiciled within this state when the suit was commenced, and the defendant was personally served wth process within this state," a wife who was domiciled in this state at the time of the separation between herself and husband and left the state to get employment in order to earn a support for herself and her child with the intention of returning to her domicile in this state as soon as she was financially able, is "domiciled within this state" within the meaning of said statute.

2. DIVORCE. *Party voluntarily appearing subject to jurisdiction of court.*

Under paragraph (b) section 1675, Code of 1906, section 1417, par. (b) Hemingway's Code, providing that the chancery court shall have jurisdiction to grant divorce "where the complainant was domiciled within this state when the suit was commenced, and the defendant was personally served with process within this state," where the defendant was not served with process within this state but was a non-resident and made a party by publication of notice and afterwards voluntarily appeared in the cause, there was a compliance with the statute; voluntary appearance by the defendant being equivalent to service of process on him in this state.

APPEAL from chancery court of Attala county.

HON. T. P. GUYTON, Chancellor.

Suit by Mrs. Myrtle Clay against Alexander Clay. From a decree for defendant, plaintiff appeals. Reversed and remanded.

*S. L. Dodds, Fulton Thompson* and *R. H. & J. H. Thompson,* for appellant.

The only question presented by this appeal, is whether the chancery court had jurisdiction to grant the complainant a divorce from her husband. The pleadings if true, we submit, gave the court jurisdiction of the subject-matter of the suit; and of the person of the complainant; the appearance of the defendant gave the court jurisdiction of the person of the defendant. It is immaterial that the defendant was not served personally with process since he entered his appearance to the suit and pleaded to the jurisdiction of the court. As we understand the record, he did not plead to the process; his plea must have been to the court's jurisdiction of the subject-matter of the suit. If defendant pleaded to the process his so doing gave the court jurisdiction of his person, although he withdrew the plea. Code 1906, section 3946.

Whether the finding of the chancery court that neither the complainant nor the defendant actually resided in the state of Mississippi for one year next preceding the commencement of this suit, be or be not erroneous can only be determined by a careful consideration of the testimony in this case, consisting alone of the complainant's deposition. It will be noted that the court's finding that neither of the parties actually resided in the state of Mississippi for one year next preceding the beginning of the suit was a departure from the statute. Mississippi Code 1906, section 1675, paragraph (c), deals with domicil and not with residence. However, we will treat the finding as if it had pursued the statute using the word residence mean-

ing domicil. Upon this testimony we must respectfully submit to this court that the court below erred in denying the complainant a divorce; relief which she was certainly entitled to obtain from some court, and could obtain from no other. The complainant was domiciled in this state within the meaning of both paragraphs (b) and (c) of the Code of 1906, section 1675, when this suit was commenced and this is clearly proved.

The primary meaning of the word "domicil" and the sense in which it is ordinarily used is well stated in 1 Bouvier's Law Dictionary (Rawle's Third Revision), title "Domicil," page 915. The Mississippi case, *Hairston* v. *Hairston,* 27 Miss. 704; s. c. 61 Am. Dec. 530, is decidedly in point. See also, *Weaver* v. *Norwood,* 59 Miss. 665.

If we be wrong in every proposition hereinbefore advanced, still, we submit, the court below erred in adjudging that it was without jurisdiction of the case at bar. It had jurisdiction of the cause viewed alone as an attachment in chancery. It is well settled in this state that a wife without seeking a divorce, may sue her husband for maintenance and support. The first and leading case so deciding was *Garland* v. *Garland,* 50 Miss. 694. The same principle will support a suit by the wife for the maintenance and support of an infant child or children where the husband has failed and refused to support the child or children of the marriage. In fact any third person who had maintained and supported an infant whose father has failed to maintain it has a cause of action against the defaulting father. *East* v. *King,* 77 Miss. 738.

ANDERSON, J., delivered the opinion of the court.

Appellant, Mrs. Myrtle Clay, filed her bill in the chancery court of Attala county against appellee Alexander Clay, her husband, a nonresident of this state, for divorce and alimony, temporary and permanent.

Appellant's bill contained all the statutory requirements. Appellant sought to bring her case for divorce

under paragraph (b) of section 1675, Code of 1906, section 1417, Hemingway's Code. Under the allegations of her bill and under the evidence, the trial court was without jurisdiction under either of the other paragraphs of said section. That part of the statute under which appellant sought to bring her case is in the following language:

"The jurisdiction of the chancery court in suits for divorce shall be confined to the following classes of cases: . . . (b) Where the complainant was domiciled within this state when the suit was commenced, and the defendant was personally served with process within this state."

Appellee appeared and pleaded to the jurisdiction of the court and then was permitted by the court to withdraw such plea. In the taking of the deposition of appellant, appellee's attorney filed cross-interrogatories. Appellant's deposition was read to sustain the allegations of the bill. The trial court dismissed appellant's bill on the ground that it was without jurisdiction because it found from the evidence that appellant was not domiciled in this state at the time of the filing of her bill. Appellant alleged in her bill, and the evidence tended to establish the fact, that appellant and appellee at the time of their separation had a home and a domicile where they resided in Attala county in this state; that after the separation appellee left the state and became a nonresident thereof and was such at the time of the filing of the bill; that some time after the separation appellant, in order to support herself and her infant child, left the state and got employment in California, where at the time of the filing of the bill and the trial she was residing with her child engaged in work which yielded them a support; that she had been out of the state so engaged for about a year. Appellant testified, and there was no testimony to the contrary, that her permanent home was in Attala county in this state, where she and her husband resided at the time of their separation and had resided for some time

prior thereto; that she still considered that her permanent home; that she had no other; that she expected to return to it and reside there as soon as her financial affairs would permit it; that her employment in California was temporary.

The first question is whether appellant was domiciled in this state when she filed her bill. In ordinary acceptation the term "domicile" means the place where a person lives and has his home. It is the place where he has his true fixed and permanent home and establishment and to which whenever he is absent he has the intention of returning. *Hairston* v. *Hairston,* 27 Miss. 704, 61 Am. Dec. 530; 19 C. J. section 2, pp. 395, 396. In determining the question whether appellant was domiciled in this state at the time of the filing of her bill, the further principle of law should be considered that, when a domicile is once acquired, it is presumed to continue, and the burden of proving to the contrary is upon the party alleging it. 19 C. J., section 66, pp. 431, 432. At the time of their separation, as stated, appellant and appellee had a domicile in this state, which appellant still claims as her domicile. Until the contrary is shown, the presumption is that it has continued to be her domicile. There is no evidence to show that it has not, except appellant's mere absence from the state and the circumstances attending the same. On the contrary, her testimony is to the effect that she had not acquired a domicile elsewhere and her domicile in this state had never been abandoned. What evidence there is in the record is without conflict. We hold therefore that it was sufficiently established that appellant was domiciled in this state when she began her suit.

The next question is whether or not there was a lack of jurisdiction in the trial court because appellee was not personally served with process within this state. The record shows that appellee was a nonresident of the state and was made a party by publication of notice as required by law, but afterwards appeared by counsel and filed a plea to the jurisdiction of the court, which later he with-

drew, and also filed cross-interrogatories to appellant in the taking of her deposition. As far as results are concerned, personal appearance by a defendant in a cause gives the court jurisdiction of his person as completely as if he had been personally served with process within this state. We hold, therefore, that appellant's case is brought within said provision of the statute.

*Reversed and remanded.*