## COLLIER *v.* CHAMBLEE.*

(Division B.    Sept. 29, 1924.)

[101 So. 372.    No. 24209.]

ATTACHMENT. *Mere absence from state, coupled with fact that creditor does not know whereabouts of debtor, does not authorize attachment, if process may be served; to authorize attachment for removal from state or absence from domicile there must be liability to serve summons; burden on attaching creditor to show inability to serve summons to obtain jurisdiction of creditor's person.*

Mere absence from the state, coupled with the fact that the creditor does not know where the defendant is, does not authorize attachment against the defendant, if process may be served under the provisions of section 2933, Hemingway's Code (section 3926, Code of 1906). To authorize attachment because of removal from the state, or absence from domicile, there must be an inability to serve the summons in the manner provided by law to obtain jurisdiction of the person, and the burden of proof is on the attaching creditor to show this. *Alston* v. *Newcomer*, 42 Miss. 186; *Dent* v. *Jones*, 50 Miss. 265; *Morgan* v. *Nunes*, 54 Miss. 308; *Bowers* v. *Boss*, 55 Miss. 213, cited.

---

*Headnote 1. Attachment, 6 C. J., 40, 210.

APPEAL from circuit court of Leake county.

HON. G. E. WILSON, Judge.

Action by W. M. Collier against L. C. Chamblee. From a judgment for defendant, plaintiff appeals. Affirmed.

*Wells, Stevens & Jones,* for appellant.

The facts are strictly all one way, and the case, therefore, presents a single legal question; that is, whether the plaintiff made out one or more of his grounds for

attachment. The defendant did not undertake to controvert the facts. Do the facts, therefore, sustain the attachment?

There are eleven statutory grounds for attachment, and all of them are remedial and in aid of a creditor who is entitled to collect an indebtedness from his debtor, and are designed to facilitate enforcement of the creditor's rights in a fair, just, and legal way. The first ground of attachment is based upon the non-residence of the debtor. Residence and domicile are not synonymous or convertible terms. *Enochs* v. *State,* 97 So. 537; *La Tourette* v. *McMaster,* 248 U. S. 465, 63 L. Ed. 362; *Alston* v. *Newcomer,* 42 Miss. 186; *Morgan* v. *Nunes,* 54 Miss. 308; *Bowers* v. *Ross,* 55 Miss. 213; *Brown* v. *Crane,* 69 Miss. 678; 11 C. J. 776, and authorities there cited.

Now, in the case at bar, the plaintiff did not charge that the defendant was a non-resident, but relied upon the second and third grounds of attachment, to-wit: "(2) That he had removed himself out of this state; (3) That he, the said L. C. Chamblee, absconds or conceals himself so that he cannot be served with a summons."

The facts bring this case within both the letter and spirit of the second ground of attachment, and the facts are sufficient to make out a *prima-facie* case certainly on the third ground of attachment. The defendant, not having denied the facts and having made no explanation whatsoever of his mysterious conduct, the plaintiff was entitled to a peremptory instruction under either one or both of these grounds of attachment.

The statute is the law of the case. If a creditor either solvent or insolvent removes himself or his property out of the state, or is about to remove himself or his property out of the state, he is liable to attachment. It is not necessary for us to speculate upon all that the statute comprehends in this regard or to indulge in its provisions of exclusion or inclusion. We would not contend that a debtor going upon a business mission beyond

the state or taking a vacation during the summer would be liable to attachment. The statute must have a reasonable construction, and both the litigant and the court must remember the object and salutary purposes of the statute. The statute, in our judgment, means that if a debtor has left the state with no fixed purpose of returning or no. definite purpose of returning, leaving the creditor helpless in serving process upon the debtor, then the property of the debtor can be seized in order that the court may gain jurisdiction of the case, and the rights of the creditor protected. It is not necessary for the plaintiff to show that the defendant has removed with the intention of locating at any definite place, and it is not necessary to show that the defendant has any definite plans whatsoever. The simple, plain showing that he has removed himself out of the state so that process cannot be served upon him, is sufficient. It is the helplessness of the creditor in serving process that justifies the remedy. The creditor is entitled to have process served upon a resident debtor and he is entitled to have the property of the resident debtor stand charged with his legal liability. The moment the debtor undertakes to remove either himself or his property out of the state, that moment the statute intervenes and grants a remedy.

The third ground of attachment relied on is somewhat different from the second. It uses the terms "Absconds or conceals himself." These terms are really convertible. To abscond means to conceal, and *vice versa.* This is the express ruling of our court in *Wallis* v. *Wallace,* 6 How. 254. There are numerous cases construing the word "abscond." Many of them are collated in 1 Words and Phrases, 1st Series. *Smith* v. *Johnson,* 62 N. W. 217, 43 Neb. 754; *Ives* v. *Curtis,* 2 Root (Conn.) 133; *Stafford* v. *Mills,* 32 Atl. 7, 8, 57 N. J. Law, 574.

The facts not only show an actual removal from the state, but were sufficient to justify the jury in finding that the defendant was evading the process of the court

and had absconded and had concealed himself so that no one could locate or communicate with him. It is elementary that the facts as they existed at the time the writ was issued must govern. 6 Corpus Juris, pages 48, 49, section 46; *Brown* v. *Crane*, 69 Miss. 678; *Morgan* v. *Nunes*, 54 Miss. 308. The Alabama case of *Troy* v. *Rogers*, 20 So. 999, appears to be directly in point.

*David E. Crawley* and *James T. Crawley*, for appellee.

Attachment is an extraordinary remedy, and is to be resorted to only in those cases where the ordinary process of the court will not serve the purpose. It is a statutory creature, it is in derogation of the common law, and is to be strictly construed. It only extends to cases of emergency embraced in the eleven grounds enumerated in the statute. *Hopkins* v. *Grissom*, 26 Miss. 143; *Rankin* v. *Dulaney*, 43 Miss. 197; *Yale* v. *McDaniel*, 69 Miss. 337, 12 So. 558; 6 C. J., page 30, section 3.

Had the appellee "removed" himself out of this state within the meaning of the statute? Conceding for the sake of the argument that the appellant had information to the effect that the appellee was in some state other than this, does that fact justify an attachment.

We submit that it requires more than the mere absence of a person from his home and the state of Mississippi to justify an attachment of his estate.

The attaching creditor must prove: First: That the debtor is absent from the state of Mississippi at the time the writ of attachment is sued out, and that from evidence within his knowledge at the time the suit is instituted. Second: That the debtor had left his place of residence, had abandoned his home and had no intention of returning within a reasonable time, and that the ordinary process of the court was not open to him. It takes this to constitute the "removal" contemplated by the statute.

And where concealment of the debtor's person is relied upon to sustain the writ of attachment, it must be such a concealment, or absconding, as will block and defeat the ordinary process of the court. If the process of the court can be executed by any one of the means provided by the statute, sec. 2933, Hemingway's Code, an attachment will not lie on the grounds set forth in the appellant's affidavit.

The appellee's wife was in their home in the town of Carthage, within the shadow of the court house, process could have been had upon defendant, by the service of a copy on his wife. This course would have been effective. A valid judgment against the defendant could have been entered upon it. But this course was not pursued.

The defendant's property was intact. There is no proof in this record that he was insolvent. There is nothing to show that he had undertaken to remove any of his property from the state, or to dispose of it with the intent to defraud his creditors. The bare and naked fact of his absence from his home is all that the appellant has to stand upon. This fact is not such as to justify a belief in the mind of a reasonable man that the defendant had abandoned his residence and family, and had left the state of Mississippi with no intention of returning. These things are indispensable to the maintenance of this attachment.

Both the debtor and his family must be absent from their usual place of abode under such circumstances as will cause the attaching creditor to believe that the debtor has absconded or has removed himself from the state in order that an attachment will lie. *Tiller* v. *Abernathy,* 37 Mo. 196; *McMorran v. Moore,* 113 Mich. 101, 71 N. W. 505.

The presumption of law is that when a man once establishes his fixed place of abode that it continues to remain his home, residence, domicile, as the case may be. In this case the home, the residence, the domicile and

the citizenship of the debtor was fixed in Carthage, Leake county, Mississippi. It is incumbent on the part of the plaintiff to overcome this presumption of law by a clear preponderance of the evidence, and failing in this the judgment of court below was correct. *C. B. Coles Co.* v. *Blythe,* 69 N. J. L. 203, 54 Atl. 240; *Morgan* v. *Nune,* 54 Miss. 308.

The test is "whether or not the debtor has left in this state an establishment, inhabited by his family, upon whom the ordinary process of law can be served so as to bind him. *Bowers* v. *Ross,* 55 Miss. 213; *Forest Products Manufacturing Co.* v. *Potts-Hamilton Hardware Co.,* 109 Miss. 750, 69 So. 593; *Brown* v. *Crane,* 69 Miss. 678.

There were at least two modes provided for in sec. 2933, Hem. Code, by which service of process could have been had upon the defendant so as to bind him. In view of the fact that the creditor did not see fit to file his action in debt and take the usual process, and in view of the fact that the usual process was not executed in a mode prescribed by law, the attachment should have been dissolved and the judgment of the court below in so doing, was correct.

*Wells, Stevens & Jones,* for appellant, in reply.

Taking the extreme position contended for by counsel for appellee, the defendant had removed himself out of this state. He left in a strange manner and under circumstances which would justify a jury in believing that he had given up all hope of paying the mortgage upon his home and the other indebtedness owing by him at that time, and deliberately went out west to seek employment. In doing this, he not only abandoned his home in Mississippi, but he abandoned his family as well, and we have the unusual spectacle of his wife advertising for her lost husband.

There was a mortgage on the home; there was an abandonment of the home and the family; there was a foreclosure of this mortgage in the absence of the defendant; there was a removal of the family from the home to the home of the defendant's father. When the defendant returned he found that he had no home. It is idle, therefore, to speculate as to whether process could have been served in one of the methods provided by our statute.

The defendant no longer had a place of abode in Mississippi. *Missouri, K. & T. Trust Co.* v. *Norris,* 61 Minn. 256, 63 N. W. 634; *Alston* v. *Newcomer & Kausler,* 42 Miss. 186. In *State* v. *Furlong,* 63 Miss. 839, our court held that if the debtor has no such residence here, the statute of limitations could not be counted against him even though it be shown that the debtor had not acquired a domicile or fixed residence abroad. This was in reference to our statute, sec. 3108. See, also, *Fischer* v. *Fischer,* 43 Miss. 212.

Argued orally by *J. Morgan Stevens,* for appellant, and *David Crawley,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

The appellant sued out a writ of attachment against the appellee alleging that appellee was indebted to him in the sum of three hundred twenty-four dollars and forty-four cents and that he, the said Chamblee, has removed himself out of this state, and that he, the said Chamblee, absconds or conceals himself so he cannot be served with summons. Appellant also made affidavit that the place of residence of Chamblee was unknown to affiant, and that upon diligent inquiry he has not been able to ascertain the same. Thereupon writ of attachment was issued and certain writs of garnishment also issued. The sheriff's return on the writ of attachment reads as follows:

"I have this day executed the within writ by going on said property therein described and declared to Mrs. C. L. Wallace, occupant thereon, that the property described in said writ in favor of C. W. Triplett, Jr. And further executed by this writ by summoning N. F. Wallace, substituted trustee, personally by delivering him a true copy of this writ. This February 7, 1921. And further executed the within attachment by levying on East half of South East quarter and East half of west half of South East quarter, less all that part north of Pioneer road, about thirty acres. This March 26, 1921."

N. F. Wallace, the trustee above mentioned, was one of the garnishees, and answered the writ of garnishment on the 24th day of November, 1921, admitting having three hundred sixty-six dollars and ninety-three cents held by him as trustee for the said L. C. Chamblee, but that he was not otherwise indebted, and neither knew nor had reason to believe that any other person was indebted to him or had property or effects under their control belonging to the said Chamblee.

On the 11th of April, 1921, a summons was issued to L. C. Chamblee, returnable on the second Monday of April, 1921, and was executed personally by delivering to L. C. Chamblee a true copy of the writ.

A plea in abatement was filed by the defendant on the 14th of November, 1921, on which the grounds of attachment were denied, and the case went to trial under the attachment issue. Affidavits for the plaintiff by a number of witnesses are to the effect that they had made inquiry for Chamblee in the community, and could not find out where he was; that he disappeared from Carthage, Miss., during the November term of the circuit court of 1920, leaving his wife and children at his home in the town of Carthage; that the wife and other relatives of Chamblee stated to these persons that they did not know where Chamblee was; also that an advertise-

ment was inserted in the Commercial Appeal, a newspaper published in Memphis, Tenn., having a wide circulation in southern states, making inquiry as to the whereabouts of said Chamblee, and purporting to be signed by his wife, having a photograph of Chamblee accompanying the advertisement. It further appeared that Chamblee returned to Carthage, where he had a suit pending in the circuit court, about the 11th of April, and stated he had been herding cattle in Arizona, New Mexico, and old Mexico. It was further testified by one of the brothers of the defendant that the wife of Chamblee went to her father's home near Carthage soon after he disappeared, but it does not appear from the record whether she abandoned the premises occupied by Chamblee or how long she stayed at her father's place.. It is suggested in the record, but not proven, that the house of the defendant was sold under a foreclosure proceeding, but the record does not show when the foreclosure was made, if it was made at all prior to the return of Chamblee to his home. There is no proof in the record that Chamblee acquired a place of residence at any other point, but it does appear that his household effects remained at Carthage until after his return there.

The grounds of attachment as set forth are contained in section 125, Hemingway's Code (section 133, Code 1906), together with other grounds of attachment.

The ordinary process of bringing a defendant into court in an action of law is a summons which may be served under section 2933, Hemingway's Code (section 3926, Code 1906), which reads as follows:

"The summons from every court shall be served in one of the following modes:

"First.—Upon the defendant personally, if to be found in the county, by handing him a true copy of the process.

"Second.—If the defendant cannot himself be found in the county, then by leaving a true copy of the process at his usual place of abode, with his wife or some other

person above the age of sixteen years, being one of his family, and willing to receive such copy.

"Third.—If the defendant cannot himself be found, and if no person of his family aged sixteen years can be found at his usual place of abode who is willing to receive such copy, then by posting a true copy on a door of the defendant's usual place of abode."

And either one of the methods of service confers jurisdiction upon the court of the person of the defendant, and personal judgment may be rendered against the defendant on either one of the methods of service therein provided.

In *Alston* v. *Newcomer,* 42 Miss. 186, it was said that the statute giving the remedy by attachment against a nonresident of the state contemplates actual nonresidence without regard to the domicile of the debtor, and was intended to give the remedy against debtors who could not be served with process while their domicile was in the state; that mere absence from the state of a debtor domiciled here, temporarily on business or pleasure, does not make him a nonresident, within the meaning of the attachment law; he must have a fixed abode elsewhere, with an intention to remain permanently, at least for a time, for business or other purposes.

In *Dent* v. *Jones,* 50 Miss. 265, the question of absence from the state is involved. The suit was for four hundred dollars for services of plaintiffs as attorneys. Dent, the defendant, with his entire family, left for Europe in the spring of 1870, and returned to his home in the fall of that year. The question before the court and jury on the trial was whether the time of such absence in Europe should be deducted from the period between the date of the accrual of the claim and the commencement of the suit for its recovery. The court held that in said case the mode of service of process is prescribed by statute (Code of 1857, p. 489, art. 64; Code of 1871, section 701), and that process could have been served upon the

defendant in the manner indicated by the statute, and that therefore the statute of limitation ran.

In *Morgan* v. *Nunes,* 54 Miss. 308, it was held that there is a distinction between domicile and residence, and that the domicile of a citizen may be in one state and his residence in another, although they are generally at the same place; that residence implies an established abode, fixed permanently for a time, for business or other purposes, although there may be an intention in the future, at some time or other, to return to the original domicile. At page 310 of the Mississippi report the court said:

"Whether Morgan, the plaintiff in error, was, at the time of suing out the attachment, a 'nonresident' of this state within the purview of the attachment law, was the question chiefly litigated in the circuit court and discussed by counsel on this writ of error. The statute does not attempt to define the circumstances that will entitle the creditor to attach on that ground. It has been said that every person has, in law, a domicile or home, and that the original domicile can only be lost by the acquisition of another. *Crawford* v. *Wilson,* 4 Barb. (N. Y.) 504; *Brewer* v. *Linnaeus,* 36 Me. 428. It is acquired by act, and intention. The intention gives character and effect to the act; as where a new abode is taken up, with intention to abandon the old one. The civil law defines domicile to be the place where the domestic hearth has been established, from which the resident does not depart, except for a temporary purpose and *animo revertendi.* But in the contemplation of the attachment law there is, or may be, a marked distinction between domicile and residence. . . .

"A prominent idea involved is whether the absence of the party is of such character and so prolonged that he cannot be served with ordinary process. Mere absence will not suffice; the debtor must have acquired a fixed residence, though it may not have been intended to be permanent; the *animus revertendi* need not be aban-

doned. *McKiernan* v. *Massingill,* 6 S. & M. 375; *Alston* v. *Newcomer,* 42 Miss. 186, 192.''

In *Bowers* v. *Ross,* 55 Miss. 213, it was held in an attachment suit that, where an attachment is sued out on the ground of nonresidence, the defendant is permitted to show, in abatement of the attachment, that, although he has a fixed abode in another state for an indefinite period, he still has his legal domicile in this state, with the intention of returning, and that he has left an establishment here inhabited by his family upon whom the ordinary process of law can be served so as to bind him. At page 234 of the Mississippi report Judge CHALMERS makes the following announcement:

''Ordinarily it would be so, because, ordinarily, nonresidence, of itself warrants attachment. But there is one kind of nonresidence in which the nonliability to other process is an important factor in determining the liability to attachment. It is the kind of nonresidence illustrated in *Alston* v. *Newcomer & Kausler,* 42 Miss. 186, where a citizen of the state, who retains his legal domicile and citizenship here, has taken up an actual, fixed abode in another state for an indefinite period, though with the intention of ultimately returning when the business or pleasure which took him abroad shall have terminated. Though in such a case he is personally nonresident—that is to say, he does not himself reside here—yet, if he has left an establishment here inhabited by his family, upon whom the ordinary process of law can be served so as to bind him, he will not be liable to attachment.''

See, also, *Brown* v. *Crane,* 69 Miss. 678, 13 So. 855.

It was incumbent upon the plaintiff in attachment in the case before us to prove that process could not have been served upon the defendant in the method provided by statute, Section 2933, Hemingway's Code (section 3926, Code 1906), above set out. There is a complete failure to establish any fixed residence by the defendant outside of the state. The process could have been served,

as far as the proof in the record shows, by delivering a copy of the summons to the wife at the usual place of abode, or by posting a copy of the summons on the door at such place. The proof does not make out a case of absconding for the purpose of defeating service of process, nor does it show a concealment within the state for such purpose. The proof introduced and relied upon to establish abandonment of his residence here is too vague and uncertain to support the attachment. It clearly appears from the evidence that the defendant had a home in the town of Carthage, where his family lived, and the proof fails to show that the defendant had abandoned this residence and acquired a new one. The record does not show an attempt to serve ordinary process and a failure of the proper officer to find the defendant. The learned court below gave a peremptory instruction for the defendant, which on this record must be affirmed.

*Affirmed.*