## MAY *v.* MAY.

(Division A. Sept. 29, 1930.)

[130 So. 52. No. 28773.]

Brady, Dean & Hobbs, of Brookhaven, for appellant.

**Cook, J.**, delivered the opinion of the court.

The appellant, by her father as next friend, filed a bill of complaint in the chancery court of Lincoln county, Mississippi, seeking a divorce from her husband, M. W. May, Jr., on the ground of cruel and inhuman treatment. Upon the proof offered at the trial of the cause, the court dismissed the bill of complaint on the ground that it did not have jurisdiction of the parties, and from this decree this appeal was prosecuted.

The bill of complaint charged that both the appellant and the appellee were residents of, and domiciled in, Lincoln county, Mississippi, at the time of the filing thereof, but that the appellee was then absent from the state so that process could not be served on him; that he was then in Pittsburgh, Pennsylvania, pursuing a course of study and practical training in electrical engineering, provided by the Westinghouse Electric Company, the circumstances under which he secured the opportunity of taking this course being set forth in detail. There was proper publication for the absent defendant, and also a summons filed in the office of the chancery clerk of Lincoln county, Mississippi, with the acknowledgment of the defendant that it was personally served on him

indorsed thereon; this acknowledgment of service having been signed by the defendant at Edgewood, Pennsylvania, on October 15, 1929, before a witness whose affidavit to that effect was thereto attached.

The proof shows that the appellee was born and reared near Brookhaven, in Lincoln county, Mississippi, and that he attended the Mississippi Agricultural and Mechanical College, from which he graduated with a high scholastic average. After a competitive examination conducted by a representative of the Westinghouse Electric Company, he was chosen to receive a scholarship for further study and practical training in a course provided by that company for the purpose of securing highly trained and skilled employees for the business of the company. At the time of his graduation from the Agricultural and Mechanical College, the appellee was about twenty-three years of age, and had always maintained his home and domicile at the home of his father near Brookhaven, Mississippi. During the summer following his graduation the appellant and the appellee were secretly married at Monticello, Mississippi. After this marriage the appellee returned the appellant to her father's home in Brookhaven and immediately left for Pittsburgh to begin his course of study and training. For the labor performed in the factory and shops of the Westinghouse Electric Company, in securing the practical training to complete the course, the appellee was paid about one hundred dollars per month, which was intended to cover his expenses while completing the course.

A short while after the appellee went to Pittsburgh, the appellant's parents learned of her marriage, and thereafter, upon the indorsement of her father, the appellant borrowed three hundred dollars, and went to Pittsburgh to join her husband, intending to continue her education while there. The presence of the appellant in Pittsburgh does not seem to have been appreciated by her husband, but the details of the occurrences be-

tween them there are not here material. They occupied an apartment there for a few weeks, and then the appellee gave up his scholarship with the Westinghouse Electric Company, and he and his wife came to Nashville, Tennessee, where the appellant entered Peabody College, while the appellee returned to his father's home in Lincoln county, Mississippi. There he remained for about six weeks, when he applied for a reinstatement or renewal of his scholarship with the Westinghouse Electric Company, and upon being reinstated, he returned to Pittsburgh, where he continued his studies and training up to the time of the filing of this bill of complaint and the trial of the cause in the court below. After the conclusion of the scholastic session at Peabody College, the appellant returned to Lincoln county, where she taught in the public schools of that county.

Section 1675, Code 1906, section 1485, Hemingway's Code 1927, provides that "the jurisdiction of the chancery court in suits for divorce shall be confined to the following classes of cases: (a) Where both parties were domiciled within this state when the suit was commenced; or, . . ." while section 1677, Code 1906, section 1487, Hemingway's Code 1927, provides that a bill for divorce "must be filed in the county in which the complainant resides, if the defendant be a nonresident of this state, or be absent, so that process cannot be served." The determinative question then is whether or not, under the facts above stated, the appellee was domiciled in Lincoln county.

At the time of their marriage, and the departure of the appellee for Pittsburgh, both the appellant and the appellee were domiciled in Lincoln county, Mississippi; and, where a domicile is once acquired, it is presumed to continue, and the burden of proving the contrary is on the party alleging it. The proof in this record shows that the appellee was absent from this state for the purpose of study and training in his chosen profession, with

the ultimate purpose of accepting employment with the Westinghouse Electric Company if and when he successfully completed the required course. While the testimony is to the effect that the appellee desired and hoped to receive employment in Mississippi, or some other Southern state, if he completed the course in a manner acceptable to the Westinghouse Electric Company, and was employed by it, still the place where he would be located, and have an opportunity of establishing his domicile, was wholly uncertain, and subject to the control and determination of his prospective employers. It seems clear to us that mere residence of the appellee at Pittsburgh for the purpose of study and training did not constitute an abandonment of his long-established domicile in this state, and that at most it can only be said that the proof shows an ultimate intention of changing his domicile upon the happening of certain future and contingent events. The court below held to the contrary, and therefore its decree will be reversed, and the cause remanded.

Reversed and remanded.