The action out of which the present appeal arises was begun by appellee, S.J. Kindred, by affidavit for attachment before a justice of the peace under the provisions of Mississippi Code 1942 Annotated section 2675 (1956), charging that appellant, Aaron Shelton, was indebted to him in the sum of $2,958.44 and "has removed or is about to remove himself, or his property out of this state." The writ of attachment issued, returnable before the Circuit Court of Lowndes County, and was levied upon a truck belonging to Shelton. The truck was returned to Shelton upon his execution of bond in the penalty of $5,916.88.
Thereafter, Kindred filed his declaration in the circuit court, this time claiming that Shelton was indebted to him in the sum of $4,100.10. Kindred was permitted to amend his declaration on the day of the trial by attaching, as an exhibit, a sworn itemized statement of the account. While the record reflects the filing of this exhibit, it nowhere appears in the record. A so-called counter-affidavit was filed by Shelton which does appear in the record but, in the complete absence of Kindred's sworn account, its cryptic statements are wholly unintelligible.
The grounds alleged as a basis for the attachment were traversed and the case went to trial. On the issue of attachment the uncontradicted testimony shows: (1) Shelton's domicile was in Lowndes County, where he lived, and had lived for many years, with his wife and four children. Those of the children who were not too young were attending the schools in Columbus; (2) Shelton owned his home in Columbus which he occupied with his family; (3) At all relevant times Shelton was amenable to the ordinary processes of the Mississippi courts, either by service upon him personally, or upon his wife, or by posting at his dwelling. In fact, the process in this case was served upon Shelton personally in Lowndes County; (4) Shelton was not attempting to sell his home or to dispose of any other of his property.
The only countervailing testimony offered by Kindred to support his charge that Shelton "has removed or is about to remove himself, or his property out of this state" was that (1) Shelton was, and had been for many years, a professional interstate truck driver who, in the ordinary course of his employment, drove freight trucks all over the country, and (2) Shelton recently had taken a job with U.S. Van Lines, an interstate trucking concern with headquarters in Atlanta, Georgia, but with a representative in Columbus, Mississippi, and that it was contemplated that the attached vehicle would be used by him in interstate hauling for his employers.
Kindred was asked:
 Q. In fact you had no information other than the fact that he (Shelton) was going to be hauling out of Atlanta, Georgia, did you? That he was going to be outside of this state? That was the only information you had? Isn't that truth?
Kindred answered: "That was enough."
At the conclusion of the case, peremptory instructions were requested by each party upon the attachment issue. The request of Shelton was denied and that of Kindred granted. This was error. *Page 644 
There was a total absence of evidence capable of supporting a finding that Shelton had "removed or was about to remove himself, or his property out of the state" within the meaning of Mississippi Code 1942 Annotated section 2675 (1956). All of the evidence was to the contrary. The mere fact that a professional interstate truck driver, under the undisputed circumstances shown in this case, had accepted employment with a firm of interstate haulers based outside of Mississippi and that he would be required by his employment to travel about the country, without more, is wholly insufficient to justify the seizure of his property by attachment. Ordinary business or pleasure trips outside of the state by a resident domiciled in this state, openly made, are not within the contemplation of the statute as grounds for attachment. The peremptory instruction requested by Shelton on the attachment issue should have been granted, the attachment dissolved and a hearing held as to the amount of damages he had sustained by virtue of the wrongful suing out of the attachment. Bamberger, Bloom And Company v. Merchants' 
Farmers' Bank of Kosciusko, 73 Miss. 572, 574, 19 So. 296 (1895); Bowers v. Ross, 55 Miss. 213, 234 (1877); Collier v. Chamblee,136 Miss. 257, 101 So. 372, 374 (1924).
As stated, the record reflects that there was on file, and the trial court had before it, a sworn itemized statement of appellant's account. This was not, however, included as a part of the record, and all we know, or can know, about it is that it was filed and before the trial court.
The burden rested upon appellant to see to it that the record contained all data essential to an understanding and presentation of matters relied upon for reversal on appeal. Willenbrock v. Brown, 239 So.2d 922 (Miss. 1970).
This Court may not act upon or consider matters which do not appear in the record and must confine itself to what actually does appear in the record. It must be presumed that the rulings of the trial court were correct, and such presumption will prevail, unless the actual record supports the contrary view. We cannot assume in this case that the trial court, with the sworn itemized statement of the account before it, erred in sustaining plaintiff's motion for a directed verdict for the amount sued for.
The judgment on the account must, therefore, be affirmed.
The judgment on the attachment issue, however, is reversed, and judgment on that issue is entered here for appellant and the case is remanded for the purpose only of determining the amount of damages sustained by Shelton by reason of the wrongful suing out of the attachment.
Affirmed in part and reversed in part.
All Justices concur.